UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                            Case No. 22-cr-20315

JAMES TAYLOR,

          Defendant.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS THE INDICTMENT FOR VIOLATION OF THE SPEEDY TRIAL ACT (ECF No. 19) AND DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 22)**

Pending before the court are two motions to dismiss filed by Defendant James Taylor.[1] (ECF Nos. 19, 22.) The first challenges Defendant's indictment on the basis that the Government violated his rights under the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, the Fifth Amendment to the United States Constitution, and the Sixth Amendment to the United States Constitution. (ECF No. 19.) The second seeks dismissal of the indictment on the ground that Defendant's charges are unconstitutional under the Second Amendment to the United States Constitution. (ECF No. 22.) The Government filed responses. (ECF Nos. 25, 26.) The court finds a hearing unnecessary. E.D. Mich. L.R. 7.1(f)(1)–(2). For reasons stated below, the court will deny both motions.

        **I.**      **BACKGROUND**

Defendant stands accused of three offenses: Count I, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1); Count II, Felon in Possession of Ammunition, 18 U.S.C.

---

[1] Defendant also filed two motions to suppress evidence that are currently scheduled for hearing on May 2, 2023. (ECF Nos. 21, 32.) This opinion and order intentionally leaves the merits of both suppression motions unaddressed at this time.

§ 922(g)(1); and Count III, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1). (ECF No. 1, PageID.1–2.) The allegations underlying Counts I and II arose from events on April 25, 2022. (Id.) Specifically, Defendant reportedly shot at another individual at a gas station in Detroit and stole the individual's vehicle. (ECF No. 19, PageID.50.) The allegations underpinning Count III occurred on April 27, 2022. (ECF No. 1, PageID.1–2.) Believing Defendant to be responsible for the gas station incident, police officers located him through GPS tether tracking[2] and arrested him while he was driving a U-Haul truck with a passenger in Detroit. (ECF No. 19, PageID.51–52; ECF No. 26, PageID.184–85.) As part of the warrantless arrest, the officers searched the interior of the U-Haul and found a firearm, attributing the same to Defendant. (Id.) The officers also seized a firearm from the purse of the passenger, who had a license to carry the gun. (Id.)

At the time of his arrest on April 27th, Defendant had several ongoing Michigan state court matters. Specifically, he had four pending criminal cases with the Third Circuit Court in Wayne County[3] (see ECF Nos. 26-6, 26-7, 26-8, 26-9) as well as an active felony probation case with the Sixth Circuit Court in Oakland County[4] in which a warrant was issued on April 28, 2022 (see ECF No. 26-5, PageID.220–21). Additionally, on April 29, 2022, new charges were authorized in the 36th District Court in Wayne County related to the events from April 25th. (ECF No. 26-2, PageID.209–12.) However, they were ultimately dismissed without prejudice on May 17, 2022 due to the alleged

---

[2] Defendant was subject to GPS tether monitoring as part of his pretrial release in pending state court matters. (ECF No. 26, PageID.188.)

[3] Case Nos. 20-004094-01-FH; 20-004706-01-FH; 21-000812-01-FH; and 22-001119-01-FH.

[4] Case No. 20-275930-FH.

2

victim's failure to appear at the preliminary examination for that case. (Id.) Nonetheless, Defendant's other pending state cases continued to progress. (*See* ECF Nos. 26-6, 26-7, 26-8, 26-9.) A global resolution was reached on September 1, 2022: Defendant pled guilty to a single felony firearm charge with all other pending Wayne County charges being dismissed at sentencing on September 20, 2022 in exchange for a two-year term of incarceration with the Michigan Department of Corrections ("MDOC"). (ECF No. 26-9, PageID.230–32.) From his arrest on April 27, 2022 until his transfer to MDOC custody on September 30, 2022, Defendant remained in state custody, initially at the Detroit Detention Center and later at the Wayne County Jail. (ECF No. 26, PageID.185.)

In the interim, on June 13, 2022, Defendant was initially charged by sealed complaint in federal court[5] with one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1), for the events that allegedly took place on or about April 25, 2022. (ECF No. 26, PageID.185.) This document remained sealed until March 16, 2023 and was ultimately dismissed on March 20, 2023 because it did not merge with the instant indictment. (Id.) Defendant was charged by sealed indictment in the case at bar on June 21, 2021 with a warrant simultaneously issuing for his arrest. (ECF Nos. 1, 2.) The indictment was unsealed on September 30, 2022. (ECF No. 4.) On the Government's petition, the court issued an order for writ of habeas corpus ad prosequendum on December 15, 2022, directing relevant law enforcement officers to produce Defendant for arraignment on December 27, 2022. (ECF No. 5, PageID.10–13.) Defendant initially appeared for the first time in federal court on December 27, 2022 (ECF Nos. 6–10); he was arraigned the next day, consenting to detention pending trial (ECF Nos. 11–14).

---

[5] Case No. 22-mj-30271.

3

Thereafter, on January 3, 2023, the court issued a scheduling order, setting Final Pretrial Hearing and Jury Trial dates for February 16, 2023 and February 28, 2023 respectively. (ECF No. 16.) On January 24, 2023, based on a joint request from the parties, the court granted an extension of the deadlines set in its scheduling order. (ECF No. 18.) Specifically, the court extended the motion cutoff date from January 30, 2023 to March 6, 2023 and reset the Final Pretrial Hearing and Jury Trial dates for April 25, 2023 and June 6, 2023 respectively. (Id.) The parties further stipulated "that the time period between January 30, 2023 and June 6, 2023, shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. §3161, in consideration of the factors listed in §3161(h)(1)(A) and in §3161(h)(7)(A)." (Id. at PageID.40.)

On March 3, 2023, Defendant filed his first motion to dismiss based on claimed Speedy Trial Act, Fifth Amendment, and Sixth Amendment violations. (ECF No. 19.) A few days later, on March 6, 2023, Defendant filed his second motion to dismiss, challenging the constitutionality of the charges against him under the Second Amendment. (ECF No. 22.) On March 23, 2023, the Government filed its responses to both motions. (ECF Nos. 25, 26.) Defendant did not file replies.

## II.   STANDARD

### A. Speedy Trial Act Violation

Defendant asserts a violation of his rights under 18 U.S.C. § 3161(b) of the Speedy Trial Act ("the Act") and consequently moves this court for a sanction of dismissal with prejudice under 18 U.S.C. § 3162(a). The Act states in relevant part:

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges. If an individual has been charged with a

4

felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

(h) The following periods of delay shall be excluded in computing the time within which an information or an indictment must be filed, or in computing the time within which the trial of any such offense must commence:

> (1) Any period of delay resulting from other proceedings concerning the defendant, including but not limited to—
>
> > (B) delay resulting from trial with respect to other charges against the defendant;

18 U.S.C. § 3161. At 18 U.S.C. § 3162(a)(1), the Act further provides:

> (a)(1) If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

### B.  Constitutional Claims Regarding Delay

Defendant further claims that the Government's excessive pre-indictment and post-indictment delay in bringing him before the court violated the due process clause of the Fifth Amendment as well as his right to a speedy trial under the Sixth Amendment. (ECF No. 19, PageID.57–60.) As explained in *United States v. Schaffer*, 586 F.3d 414, 424, (6th Cir. 2009), "[p]re-indictment delay and post-indictment delay present separate issues. The former is governed by the Fifth Amendment, *see United States v. Rogers*, 118 F.3d 466, 475–76 (6th Cir. 1997), while the latter is a Sixth Amendment matter, *see United States v. Graham*, 128 F.3d 372, 374 (6th Cir. 1997)."

5

The due process clause of the Fifth Amendment protects against oppressive pre-indictment delay. *United States v. Marion*, 404 U.S. 307, 324–25 (1971); *United States v. Lovasco*, 431 U.S. 783, 789 (1977); *Schaffer*, 586 F.3d at 424. However, in the Sixth Circuit, "dismissal for pre-indictment delay 'is warranted only when the defendant shows substantial prejudice to his right to a fair trial and that the delay was an intentional device by the government to gain a tactical advantage.'" *Schaffer*, 586 F.3d at 424 (quoting *United States v. Greene*, 737 F.2d 572, 574 (6th Cir. 1984)).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. CONST. amend. VI. "The Sixth Amendment right to a speedy trial does not come into play until 'arrest, indictment or other official accusation.'" *Schaffer*, 586 F.3d at 424 (quoting *Doggett v. United States*, 505 U.S. 647, 655 (1992)). Moreover, the speedy trial clause does not "require the Government to discover, investigate, and accuse any person within any particular period of time." *Marion*, 404 U.S. at 313; *see also United States v. Loud Hawk*, 474 U.S. 302, 312 (1986). Four factors must be considered in evaluating an alleged speedy trial violation: (1) uncommonly long delay; (2) the reason for the delay, including which party is more blameworthy; (3) the defendant's assertion of his right; and (4) prejudice to the defendant. *Barker v. Wingo*, 407 U.S. 514, 530 (1972); *Doggett*, 505 U.S. at 651.

### III. DISCUSSION

#### A. Pre-Indictment and Post-Indictment Delay

Defendant presents three overlapping arguments as to why the charges against him should be dismissed with prejudice due to unjustifiable prosecutorial delay. (ECF No. 19.) The court will evaluate each in turn, consolidating where convenient.

### 1.  Speedy Trial Act Violation

Defendant claims that the Government violated 18 U.S.C. § 3161(b) by failing to indict him within the requisite time limit, that is, 30 days from his arrest. (ECF No. 19, PageID.51–52.) In support, Defendant presents the following timeline: he was arrested on April 27, 2022; he was indicted on June 21, 2022; and he was arraigned on December 28, 2022. (Id. at PageID.52–53.) He contends that the court should find a clear violation of the Act, as it is well established that a defendant's speedy trial rights are triggered under the Act once formal charges are issued. (Id.)

Defendant further argues that the appropriate sanction for the Government's allegedly indefensible delay in obtaining an indictment against him is a dismissal with prejudice pursuant to 18 U.S.C. § 3162(a)(1). (ECF No. 19, PageID.52–53, 54–57.) As support for this relief, Defendant contends that the Government appears to have intentionally delayed the indictment to gain a tactical advantage. (Id. at PageID.53–54.) Defendant posits that, because all evidence supporting the indictment was available at the time of his arrest, the Government cannot claim its delay was necessitated by investigative needs or a desire to make the best case against Defendant, especially since the indictment mirrors his now-dropped state charges. (Id. at PageID.53.) Defendant further claims prejudice from the Government's delay, asserting a substantially diminished ability to defend himself. (Id. at PageID.53–54.) More specifically, per Defendant, the passage of time has resulted in the following: "the destruction of evidence; his inability to investigate the charges properly; fading memories; the potentiality that the prosecution will seek to introduce the recent state court conviction as prior bad acts evidence or to show motive, intent, identity, or

7

absence of mistake; [and] an inability to testify in his own defense, which will adversely impact his trial strategy and presentation of his defense." (Id. at PageID.54.) In summary, Defendant contends that the "status" nature of his offenses, the significant eight-month delay between his arrest and arraignment, and the negative impact of re-prosecution due to his substantially compromised ability to defend himself all weigh in favor of a dismissal with prejudice. (Id. at PageID.54–57.)

The Government does not directly respond to Defendant's argument. Rather, while refuting generally that a violation occurred under the Act, the Government instead focuses on the Act's requirement under 18 U.S.C. § 3161(c)(1) that a defendant be brought to trial within 70 days of the latter of his indictment or initial appearance in court. (ECF No. 26, PageID.204–05.) It contends that no violation has occurred because Defendant's speedy trial time computation is approximately 34 days. (Id. at PageID.205–06.) The Government's concentration on an alleged violation 18 U.S.C. § 3161(c)(1) is misplaced. Defendant did not allege a violation of his speedy trial time. Instead, the heart of Defendant's motion as it pertains to the Act concerns perceived preindictment delay under 18 U.S.C. § 3161(b).

Nonetheless, Defendant has no valid claim for preindictment delay under § 3161(b) because his arrest on April 27, 2022 did not trigger the running of the 30-day time period found in that section. "A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending." *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989) (citing *United States v. Sanchez*, 722 F.2d 1501, 1508 (11th Cir. 1984); *United States v. Varella*, 692 F.2d 1352, 1358 (11th Cir.1982)). Furthermore, "[r]egardless of the degree of federal involvement in a state investigation

8

and arrest, only a federal arrest initiates the running of the time limitation established by 18 U.S.C. § 3161." *Id.* (citing *United States v. Adams,* 694 F.2d 200 (9th Cir.1982)); *see also United States v. Benitez*, 34 F.3d 1489, 1493 (9th Cir. 1994). Indeed, it is "beyond dispute that § 3161(b) does not prevent the government from indicting a defendant on federal charges more than thirty days after his arrest on similar state charges." *United States v. Robertson*, 810 F.2d 254, 256 (D.C. Cir. 1987); *United States v. Gomez*, 776 F.2d 542, 549–50 (5th Cir. 1985). Here, Defendant's arrest was clearly not federal in nature. Rather, it was carried out by state-affiliated law enforcement for conduct that subsequently became the subject of state charges, albeit later dismissed. (ECF No. 19, PageID.51–52; ECF No. 26, PageID.184–85; ECF No. 26-2, PageID.209–12.) Further, the fact that the Government later charged Defendant for similar conduct is of no consequence. Because he was not "arrested" for purposes of § 3161(b), Defendant's claim that the Government violated the Act by failing to indict him within 30 days of April 27, 2022 is without merit. Therefore, without a predicate Speedy Trial Act violation, a dismissal under § 3162(a)(1) is unwarranted.

### 2. Fifth and Sixth Amendment Violations

Defendant next argues that the Government's excessive pre- and post-indictment delay violated his Fifth and Sixth Amendment due process rights. (ECF No. 19, PageID.57–60.) He claims substantial prejudice to his right to a fair trial from this purported delay. (Id.) However, Defendant does not clearly differentiate the delay into pre-indictment and post-indictment segments. Rather, he asserts generally that "the delay in this case is of sufficient duration to trigger the speedy trial inquiry." (Id. at PageID.59.) Characterizing the delay as "close to nine months," he contends that the

*Barker* factors heavily weigh in favor of dismissal with prejudice. (Id.) More specifically, Defendant asserts that there was no valid reason for the Government's purported dilatory prosecution, that he timely asserted his speedy trial rights, and he was consequently prejudiced as follows:

> He was denied the right to counsel during the period of the delay; he has lost the ability to negotiate a global resolution of the state and federal charges; he now faces consecutive sentencing if he is convicted of the federal charges; his ability to defend himself has been substantially impaired due to the fading memories, and now the recalcitrance of witnesses, the inability to properly investigate and explore the facts and circumstances that gave rise to the state court proceedings, the chilling affect that the intervening state court conviction will have on his right to testify at trial; utilization of the intervening state court conviction for impeachment and prior bad acts evidence, and the inability to present an alibi defense because of the passage of time; Additionally, Mr. Taylor has been denied the ability to find material witnesses to assist in the defense of his case. Furthermore, the memories of witnesses will have faded, essentially turning Mr. Taylor's Sixth Amendment right to confront his accusers into a sham. *United States v. Crouch*, 51 F.3d 480, 484-85 (5th Cir. 1995); Mr. Taylor has lost the ability to obtain pre-trial release; and Mr. Taylor has suffered and continues to suffer mental and emotional distress as a result of the delays. [sic]

(Id. at PageID.59–60.)

In response, the Government largely focuses on Defendant's ongoing state cases, five of which were active in May of 2022. (ECF No. 26, PageID.192.) Even after Defendant's similar state charges were dismissed on May 17, 2022, the Government contends that Defendant's alleged behavior on April 25th and 27th triggered "various violations – a warrant for violation of probation that was signed on April 28, 2022, in case number 20-275930-FH, and two tether violations in 20-001094-01-FH and 20-004706-01-FH." (Id. at PageID.192–93.) Further, the Government points out that Defendant's active state cases kept him from appearing in federal court within 30 days of the indictment being filed. (Id. at PageID.192.) Highlighting that only 35 days passed

10

between the May 17th dismissal of Defendant's state charges and the June 21st filing of his federal indictment, the Government argues that "Defendant cannot claim excessive pre-indictment incarceration because he was being held in continuous state custody beginning on April 27, 2022, [ ] during the time period between the federal complaint and indictment, and the indictment and federal initial appearance on December 27, 2022." (Id. at PageID.194.) It further contends that Defendant cannot overcome the nearly insurmountable bar of proof of actual prejudice, as fading witness memory is an insufficient basis, or establish that the Government's 35-day delay was an intentional device to gain a tactical advantage. (Id. at PageID.194–95.)

As for Defendant's Sixth Amendment claim, the Government argues that the *Barker* factors are either neutral or weigh against him. (ECF No. 26, PageID.203.) Calculating the post-indictment delay to be approximately 8 months and 13 days, the Government asserts that, because the delay in this case is well under the presumptively prejudicial one-year mark and thereby not uncommonly long, the court can forgo further examination of the remaining *Barker* factors and find no speedy trial violation, as the first factor is a threshold requirement. (Id. at PageID.197–98.) However, assuming that the court will examine all factors, the Government further argues that the second *Barker* factor, the reason for the delay, is solely attributable to Defendant's pending state cases. (Id. at PageID.198–99.) Relying on *United States v. Watford*, 468 F.3d 891, 903 (6th Cir. 2006), the Government contends that it cannot be faulted for failing to writ a defendant out of state custody while he was being actively prosecuted by the state. (Id.) Further, the Government asserts that "[t]here is simply no evidence that the United

11

States' delay leading up to Defendant's motion to dismiss was motivated by bad faith, harassment, or attempts to seek a tactical advantage." (Id. at PageID.199.)

Turning to the third *Barker* factor, Defendant's assertion of his speedy trial rights, the Government argues that this factor is neutral against Defendant because he likely was not aware of his indictment until it was unsealed on September 30, 2022 or until the writ for his initial federal appearance was filed on December 15, 2022. (ECF No. 26, PageID.200.) However, the Government does note that Defendant has stipulated to some excludable delay in this case from January 30, 2023 through June 6, 2023. (Id.) Finally, in addressing the fourth *Barker* factor, substantial prejudice to Defendant from the delay, the Government attacks Defendant's claimed prejudice, contending that Defendant failed to supply the requisite specificity for the court to take it seriously. (Id. at PageID.200–01.) Further, the Government argues that "[m]uch of Defendant's other claims of prejudice do not favor him because certain byproducts of delay that might be loosely characterized as prejudicial do not constitute the kind of prejudice to the defendant that is cognizable under the Speedy Trial Clause." (Id. at PageID.201–02.) And, per the Government, Defendant's remaining prejudice arguments are largely speculative, as Defendant fails to articulate why witnesses would not have rebuffed him in June of 2022, how he would not still have had anxiety despite four pending state cases, what evidence might have been destroyed, or how his September 20, 2022 state conviction would be admissible against him in federal court. (Id. at PageID.202–03.)

In examining Defendant's constitutional challenges to the delay in this case, the court finds that Defendant has largely merged his claims for pre-indictment and post-indictment delay. Indeed, Defendant has articulated the same prejudice for both, despite

12

the fact that, for example, claims of prejudice regarding the potentiality that the prosecution will seek to introduce the recent state court conviction as prior bad acts evidence could not have resulted from the alleged pre-indictment delay in this case.[6] (ECF No. 19, PageID.53–54, 59–60.) However, the two types of delay present separate issues and therefore require separate analysis. *Schaffer*, 586 F.3d at 424.

Considering first Defendant's Fifth Amendment claim, the alleged pre-indictment delay by Defendant's estimation here is approximately 55 days—that is, from his arrest on April 27, 2022 until the sealed federal indictment was filed on June 21, 2022. Effectively, Defendant is asking the court to find a violation of constitutional magnitude over less than 2 months' time. It will not do so. To begin, "'the acceptability of a pre-indictment delay is generally measured by the applicable statute of limitations.'" *Schaffer*, 586 F.3d at 425 (quoting *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986), *cert. denied,* 479 U.S. 1067 (1987) and citing *United States v. Lovasco*, 431 U.S. 783, 789 (1977) (noting that "statutes of limitations, which provide predictable, legislatively enacted limits on prosecutorial delay, provide 'the primary guarantee against bringing overly stale criminal charges'") (citation omitted)). Having indicted Defendant within 60 days of the alleged conduct supporting the charges against him, the Government is well-within the 5-year statute of limitations attendant to this case. *See* 18 U.S.C. § 3282 ("Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed.").

---

[6] Defendant did not plead in his state cases until September of 2022.

13

Perhaps more importantly, however, Defendant has not articulated actual prejudice. Instead, he supplies the court with a general list of reasons why his ability to defend himself has been substantially diminished. (ECF No. 19, PageID.54.) It is well accepted that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 996 (6th Cir. 1997) (citation omitted) (alteration in the original omitted); *see also United States v. Hayter Oil Co.*, 51 F.3d 1265, 1269 (6th Cir.1995) (finding that defendant waived argument when he did nothing more than make conclusory assertion that rights were violated and made no attempt to show prejudice); *United States v. Phibbs*, 999 F.2d 1053, 1080 n.12 (6th Cir.1993) ("[I]t is not our function to craft an appellant's arguments."). Defendant makes no effort to explain how 55 days' worth of time has resulted in:

> the destruction of evidence; his inability to investigate the charges properly; fading memories; the potentiality that the prosecution will seek to introduce the recent state court conviction as prior bad acts evidence or to show motive, intent, identity, or absence of mistake; an inability to testify in his own defense, which will adversely impact his trial strategy and presentation of his defense.

(ECF No. 19, PageID.54.) Moreover, from April 29, 2022 until May 17, 2022, Defendant was charged in state court for similar conduct and appointed counsel. He thus had an ability, and presumably the motivation, to investigate the charges against him. Without some proffer of evidence supporting Defendant's claimed prejudice, the court cannot find a Fifth Amendment violation for excessive pre-indictment delay. *See e.g., United States v. Wright*, 343 F.3d 849, 860 (6th Cir. 2003).

14

Defendant's failure to demonstrate actual prejudice makes it unnecessary to decide whether he established that the delay was an intentional device by the Government to gain a tactical advantage. *Schaffer*, 586 F.3d at 425–26; *Wright*, 343 F.3d at 860–61. However, Defendant has also failed to make that requisite showing, as "the applicable standard . . . neither imputes nor presumes an improper purpose where the defendant simply cannot fathom a valid reason for the delay." *Id.* at 426. The court will not infer a tactical advantage, as Defendant urges, merely because the Government delayed in bringing charges longer than its state counterpart despite, as Defendant posits, "possess[ing] all the evidence relative to the Indictment on April 27, 2022," as evinced by the mirroring nature of the charges. (ECF No. 19, PageID.53.) This amounts to Defendant being unable to fathom a valid reason for the delay and not affirmative proof that the Government had no basis for delaying.

Thus, remaining for the court's consideration is whether a Sixth Amendment violation occurred due to the post-indictment delay in bringing Defendant before the court for his initial federal appearance. Essentially, the court is reviewing the roughly 6-month period of time between June 21, 2022 and December 27, 2022.[7] *See Lovasco*, 431 U.S. at 788–89 (generally, pre-indictment delay is "wholly irrelevant" to review of Sixth Amendment speedy trial clause challenge); *United States v. Adams*, 194 F. Supp. 3d 641, 647 (E.D. Mich. July 11, 2016) (Tarnow, J.). As previously indicated, the four factors which must be balanced in a speedy trial analysis are: (1) whether the delay was

---

[7] The court will again note that the parties stipulated to deem the time period between January 30, 2023 and June 6, 2023 as excludable delay under the Speedy Trial Act. (ECF No. 18). As such, though Defendant does not appear to argue that January 30, 2023 is the appropriate end date for his claimed post-indictment delay, at most Defendant can assert a 7-month delay.

15

uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant. *United States v. Robinson*, 455 F.3d 602, 607 (6th Cir. 2006); *Barker*, 407 U.S. at 530. "The first factor is a threshold requirement, and if the delay is not uncommonly long, judicial examination ceases." *Robinson*, 455 F.3d at 607; *Doggett*, 505 U.S. at 651–52.

Defendant cannot meet this primary hurdle. A six-month delay is not presumptively prejudicial. *United States v. Gardner,* 488 F.3d 700, 719 (6th Cir. 2007) (finding a delay presumptively prejudicial when it approaches one year); *United States v. Brown*, 498 F.3d 523, 530 (6th Cir. 2007) (assuming without deciding that a nearly 10-month delay is presumptively prejudicial); *United States v. Jackson*, 473 F.3d 660, 664–65 (finding an 8-month delay sufficient to meet the first *Barker* factor threshold). The court need not therefore engage in a discuss of the remaining *Barker* factors. *Robinson*, 455 F.3d at 607. In sum, being devoid of merit, Defendant's motion to dismiss on post-indictment delay grounds also fails.

## B. Constitutionality of 18 U.S.C. § 922(g)(1)

Defendant is charged with three violations of 18 U.S.C. § 922(g)(1). That statute makes it "unlawful for any person" "who has been convicted in any court of [ ] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition[ ]" or "to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce." Defendant argues that § 922(g)(1) violates the Second Amendment based on the Supreme Court's analysis set forth in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022). (ECF No.

16

22.) He separately seeks dismissal of all charges against him with prejudice on these grounds.

An extended discussion is not required to resolve Defendant's motion. This court had the occasion to rule on a similar motion brought before it in another criminal case, *United States v. Burrell*, No. 21-20395, 2022 WL 4096865 (E.D. Mich. Sept. 7, 2022). Indeed, it appears that Defendant has submitted virtually the exact same motion—verbatim, save for changes to the moving party's identity and minimal stylistic corrections. (*See* Case No. 21-cr-20395, ECF No. 32.) As it did before, the court finds Defendant's argument unsound. It again notes that federal courts nationwide have rejected similar facial constitutional challenges to the felon-in-possession statute. The court refers Defendant to the sound analysis reflected in the rulings of these courts, the citations for at least one hundred of which now can be found in the Government's Exhibit A. (ECF No. 25-1, PageID.180–83.)

## IV.  CONCLUSION

Defendant has failed to establish pre-indictment delay in this case, under either a Speedy Trial Act, 18 U.S.C. § 3161(b), violation or Fifth Amendment violation theory. Moreover, the comparatively short post-indictment delay does not run afoul of the Sixth Amendment's speedy trial protections. Additionally, Defendant's constitutional challenge to the charges against him under the Second Amendment is wholly without merit. Thus, the criminal case against Defendant will proceed, as there is no basis for dismissal at this juncture. Accordingly,

IT IS ORDERED that "Defendant's Motion to Dismiss the Indictment for Violation of the Speedy Trial Act" (ECF No. 19) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss" (ECF No. 22) is DENIED.

s/Robert H. Cleland             /
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 26, 2023

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 26, 2023, by electronic and/or ordinary mail.

s/Lisa Wagner                   /
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\EKL\Opinions & Orders\Criminal\ 22-20315.TAYLOR.MotionsToDismiss.EKL.docx